UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIZBETH LOPEZ, ) <br>    a/k/a Lizbeth Lopez-Cortez ) <br>    a/k/a Lizbeth Cabrera-Madrigal ) <br>    Defendant. ) <br> ) <br> ) <br>_____ ) | No. CR-13-0454-EMC-2 <br><br> ORDER DETAINING DEFENDANT <br> LIZBETH LOPEZ PENDING TRIAL |

Defendant Lizbeth Lopez was charged in a two-count indictment with possession with intent to distribute methamphetamine, and conspiracy to do the same, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). The United States moved for Defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Given the nature of the crime charged, there is a rebuttable presumption in this case that no conditions or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. See 18 U.S.C. § 3142(e)(3)(A). On July 19, 2013, following a hearing pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services report, the indictment filed in this case, and the factors set forth in 18 U.S.C. § 3142(g), the Court ordered Defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of Defendant as

DETENTION ORDER
No. CR-13-00454-EMC-2                    1

required. See 18 U.S.C. §§ 3142(e) and (f); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). Specifically, the Court noted Defendant's close familial ties in Mexico and lack of such ties in the United States, along with her lack of employment and the short period of time she has resided in the United States. The Court also noted that an immigration detainer had been lodged against Defendant because of her immigration status. While Defendant presented her husband's sister's family as proposed custodians, given that Defendant is only related to them by marriage and has known them only since she arrived last year in the United States, the Court was not satisfied that Defendant's release to their custody sufficiently mitigated the risk of non-appearance.

Defendant reserved the right to present new information at a future bail hearing should her circumstances change. See 18 U.S.C. § 3142(f) (a hearing may be reopened if the Court finds that there is new information not known to the defendant at the time of the original hearing that has a material bearing on the issue of bail).

## **ORDER**

Defendant is ordered detained as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure her appearance as required.

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: July 19, 2013

_Jacqueline S. Corley_
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge

DETENTION ORDER
No. CR-13-00454-EMC-2                    2